IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
– Alexandria Division –

| | |
|---|---|
| PROFESSIONAL MASSAGE<br>TRAINING CENTER, INC. | ) |
| | ) |
| v. | )   Case No. 1:12-cv-00911-LO-IDD |
| | ) |
| ACCREDITATION ALLIANCE OF<br>CAREER SCHOOLS AND COLLEGES | ) |

## ORDER

Pursuant to this Court's instructions of January 25, 2013 in open court, counsel for the

parties have met and conferred regarding Defendant Accreditation Alliance of Career Schools

and Colleges's ("Defendant" or "ACCSC") Motion for a Protective Order Relating to

Commissioner Deliberations, Discussions, and Documents (ECF No. 94) (the "Motion") filed on

January 15, 2013. Counsel for both parties represent that they have reached a compromise that

will resolve the Motion and provide an agreed framework for the treatment of the documents and

testimony that were the subject of the Motion. Based upon the representations and argument of

counsel, in addition to the filings by the parties related to the Motion, and for good cause having

been found by the Court for doing so, it is hereby ORDERED as follows:

1.  ACCSC's Motion is hereby GRANTED IN PART and DENIED IN PART, as specified
    in this Order.

2.  ACCSC has claimed and continues to claim a Quasi-Judicial Privilege upon certain
    documents that are responsive to certain discovery requests propounded by Plaintiff
    Professional Massage Training Center, Inc. ("Plaintiff" or "PMTC"). The following

1

procedures will govern the discovery review and production of any documents to which ACCSC claims a Quasi-Judicial Privilege:

a. For documents where ACCSC claims Quasi-Judicial Privilege, ACCSC will make those documents available for review by Maureen Carr at the offices of Redmon Peyton & Braswell LLP in Alexandria, VA on Wednesday, January 30, 2013. The parties agree that providing the claimed Quasi-Judicial Privileged documents for review in this matter does not waive any privilege that might be claimed. If additional documents are discovered that are subject to a claimed Quasi-Judicial Privilege, ACCSC and PMTC will follow these procedures and make them available for inspection by Ms. Carr at the offices of Redmon, Peyton & Braswell, LLP at a mutually-convenient date and time.

b. If a claimed Quasi-Judicial Privileged document is also covered in part by claims of Attorney/Client privilege, then ACCSC will redact the Attorney/Client privileged portions of the document. ACCSC will then make the document available, with Attorney/Client portions redacted, for review by Ms. Carr.

c. If a claimed Quasi-Judicial Privileged document also includes discussion of other schools unrelated to PMTC or other non-relevant information, then ACCSC will redact the portions of the document that apply solely to other schools or are not relevant. ACCSC will then make the document available, with portions that apply only to the other school(s) or non-relevant information redacted, for review by Ms. Carr. ACCSC will permit Ms. Carr to examine unredacted copies of these documents to confirm that the redactions indeed apply to other schools or are not otherwise relevant.

d. Counsel for ACCSC and PMTC will then confer in good faith to determine which of the claimed Quasi-Judicial documents PMTC requests to be produced.

e. ACCSC will then provide to PMTC the claimed Quasi-Judicial Privileged documents that PMTC requests within 24 hours of Ms. Carr's review and the conferral between counsel.

f. If ACCSC discovers in future searches additional documents that are covered by the claimed Quasi-Judicial Privilege, ACCSC and PMTC agree to follow the procedures outlined in this Order to review and produce such documents, if applicable and necessary.

g. By ACCSC providing documents to PMTC under this procedure, ACCSC preserves its claims of a Quasi-Judicial Privilege, and there is no waiver of any privilege by ACCSC in this litigation or in any other litigation.

h. For the documents provided under this compromise agreement, ACCSC may designate them as CONFIDENTIAL or HIGHLY CONFIDENTIAL under the existing Protective Order entered in this case. PMTC may use the provided claimed Quasi-Judicial Privileged documents in this litigation and at trial, but subject to any other objections that ACCSC may make (such as relevance and other evidentiary objections). For the documents provided under this Order, ACCSC will not object to the admission or use of the documents in this litigation on grounds of a claim of Quasi-Judicial Privilege.

3. The following procedures will govern depositions and trial testimony in this matter that relate to or include information to which ACCSC claims a Quasi-Judicial Privilege:

a. PMTC, in good faith, at depositions and at trial, but subject to any other objections by ACCSC, may question ACCSC staff and employees about any of the provided documents and about the Panel D and Commission discussions during the February 2012 Commission Meeting.

b. Subject to and without altering any other limitations upon the number of depositions that may be taken in this case under any applicable rule, PMTC may take the depositions of any two current or former ACCSC Commissioners that PMTC selects.  Subject to any other objections by ACCSC, PMTC may question the Commissioners about any of the provided documents and about the Panel D and Commission discussions during the February 2012 Commission Meeting. Once two depositions of current or former Commissioners have been taken by PMTC, and only if PMTC articulates a good-faith basis why it expects the testimony of a third current or former Commissioner to be non-cumulative to the deposition testimony already taken, PMTC will be allowed to take a third deposition of a current or former Commissioner.  Otherwise, no additional depositions of current or former ACCSC Commissioners are permitted in this case.

c. Such depositions of current or former ACCSC Commissioners will be taken in the districts or locations where the individuals are found.

4. ACCSC does not waive its claims of Quasi-Judicial Privilege, and the Court hereby finds that no waiver of any applicable privilege by ACCSC has occurred in this case.  The Court further finds and orders that ACCSC does not waive any claimed privilege (in this litigation or in any future litigation) for any actions taken in this case pursuant to this

Order or related to the treatment of the documents and testimony encompassed by this Order.

SO ORDERED.

ENTERED this 30th day of January, 2013.

_____/s/_____
Ivan D. Davis
United States Magistrate Judge